**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZIV HARISH,<br><br>Plaintiff,<br><br>v.<br><br>EHUD ARBIT, *et al.*,<br><br>Defendants. | No. 21cv11088 (EP) (AME)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiff Ziv Harish brings this action under 35 U.S.C. § 256 ("Section 256") seeking to correct inventorship of U.S. Patent No. RE46,823 (the "'823 Patent" or the "Patent") and obtain related ownership relief. Defendants Isaac Rubinstein and Ehud Arbit are named co-inventors who assigned their interests in the Patent to Lincoln Diagnostics, Inc. ("Lincoln"), which claims a resulting ownership interest and initially participated in the defense through a common representation arrangement with those Defendants. After the Honorable André M. Espinosa, U.S.M.J., disqualified their shared counsel because of conflicts arising from that arrangement, Lincoln sought to intervene under Federal Rule of Civil Procedure 24 or, alternatively, to be joined as a required party under Rule 19.

Now pending before the Court is the Report and Recommendation ("R&R") of Judge Espinosa, addressing third party Lincoln's motion to intervene as of right under Rule 24(a), alternatively for permissive intervention under Rule 24(b), or in the alternative, to be joined as a required party pursuant to Rule 19(a). D.E. 204 ("Motion" or "Mot."); D.E. 215 ("R&R"). Judge Espinosa recommends denying intervention under Rule 24 as untimely but instead, joining Lincoln as a required party under Rule 19(a)(1)(B)(i). R&R at 24–25.

Plaintiff objects to the recommendation that Lincoln be joined under Rule 19. D.E. 218 ("Plaintiff's Objection"). Lincoln objects to the denial of intervention, the R&R's conclusion that Lincoln is not also a required party under Rule 19(a)(1)(A), and certain observations in the R&R concerning the prior disqualification order and the effect of the Patent's expiration. D.E. 217 ("Lincoln's Objection").

For the reasons set forth below, the Court will **ADOPT** the R&R's recommended disposition as modified by this Memorandum Order.

## I. BACKGROUND[1]

### A. Factual and Procedural Background

Harish seeks, among other relief, to correct inventorship of the Patent under Section 256. R&R at 2. The Patent currently names Harish, Defendants Isaac Rubinstein, Ehud Arbit, and Russel Weinimmer as inventors. *Id.* Before this action was filed, Rubinstein and Arbit (the "Assignor Defendants") assigned their "entire right, title and interest in" the Patent to Lincoln through "an Assignment Agreement." *Id.* The Assignment Agreement required the Assignor Defendants to "do all things necessary to aid Lincoln to obtain and enforce for its own benefit, ownership of and patent protection for" the Patent and required Lincoln to indemnify them against disputes concerning ownership. *Id.*

Harish notified Lincoln of this action on May 25, 2021. R&R at 2. That same day, Lincoln and the Assignor Defendants entered a Common Interest and Litigation Cooperation Agreement ("Common Interest Agreement") under which Lincoln paid the Assignor Defendants' attorneys' fees. *Id.* at 3. Banner & Witcoff represented the Assignor Defendants while also representing

[1] The Court refers to the R&R for the full factual and procedural background and summarizes only the facts relevant here.

Lincoln regarding this matter. *Id.* During the litigation, the deadline for the Patent's 7.5-year maintenance fee, as required by the United States Patent and Trademark Office (the "USPTO"), passed without payment. *Id.* Lincoln later represented to the USPTO that it knew of the deadline and intentionally declined to pay the fee; Harish, meanwhile, sought to have the delayed fee accepted and the Patent reinstated. *Id.* at 3, 12–14.

On January 31, 2025, Judge Espinosa disqualified Banner & Witcoff from this matter, concluding that the fee and Common Interest Agreement created a conflict because counsel's prioritization of Lincoln's interests materially limited its responsibilities to the Assignor Defendants. D.E. 179 (the "Disqualification Order"); R&R at 3–4. Both the Assignor Defendants and Lincoln thereafter retained separate counsel. R&R at 4. On February 12, 2025—less than two weeks after the Disqualification Order—Lincoln sought leave to intervene, and it filed the Motion on March 14, 2025. *Id.* at 4–5; D.E. 204.

**B. The R&R**

On July 31, 2025, Judge Espinosa issued the R&R in response to Lincoln's Motion. The R&R concluded that Lincoln is not a required party under Rule 19(a)(1)(A)[2] because the Court can determine inventorship and accord complete relief among the existing parties without Lincoln. R&R at 7. It nevertheless concluded that Lincoln is a required party under Rule 19(a)(1)(B)(i)[3] because Lincoln presently claims a co-ownership interest in the Patent and a correction of

[2] A required party under Rule 19(a)(1)(A) is one that "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).

[3] A required party under Rule 19(a)(1)(B)(i) is one that the "person claims an interest relating to the subject of the action and is so situated that disposing of the action in the party's absence" could "as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(A).

inventorship ruling could impair Lincoln's interest. *Id.* at 7–15. The R&R further determined that joinder under Rule 19(a) is feasible. *Id.* at 14–15.

As to intervention under Rule 24, the R&R concluded that Lincoln has a sufficient interest that may be impaired and that the Assignor Defendants may not adequately represent Lincoln's interest. R&R at 16–18. Judge Espinosa nevertheless recommended denying intervention as of right because Lincoln's motion was untimely, reasoning principally that Lincoln knew or should have known its ownership interest "was at risk when Harish notified it of the action in May 2021" and that the Disqualification Order did not alter the Assignor Defendants' substantive position on inventorship. *Id.* at 18–22. The R&R recommended denying permissive intervention for the same timeliness reasons and because intervention could further delay the case. *Id.* at 23–24.

On August 14, 2025, Harish objected to the R&R's Rule 19 recommendation, *see* Plaintiff's Objection, while Lincoln objected to the R&R's denial of intervention and to the conclusion that it is not also required under Rule 19(a)(1)(A), *see* Lincoln's Objection.[4]

## II. ANALYSIS

Harish challenges Judge Espinosa's Rule 19 recommendation. He argues that Lincoln lacks a legally protectable interest because the Patent has expired, Lincoln cannot pursue infringement relief without the cooperation of the other co-owner, and any remaining interest in pre-expiration damages is merely financial. Plaintiff's Objection at 6–15. He also asserts that cases on which the R&R relies, *Princeton Biochemicals, Inc. v. Beckman Coulter, Inc.*, 223 F.R.D.

---

[4] Defendants Ehud Arbit and Isaac Rubinstein also object to the R&R to the extent it concerns the order disqualifying their former counsel. D.E. 216. As this Court affirmed the disqualification order, D.E. 222, the Court does not address Arbit and Rubinstein's objections to the R&R.

326 (D.N.J. 2004), and *Ali v. Carnegie Institution of Washington*, 306 F.R.D. 20 (D.D.C. 2014), do not support joinder on the facts here. *Id.* at 12–15.

Lincoln, by contrast, accepts the R&R's Rule 19(a)(1)(B)(i) conclusion but contends that it is also required under Rule 19(a)(1)(A) because Harish's quiet title claim seeks ownership relief that cannot bind Lincoln in its absence. Lincoln's Objection at 9–10. Lincoln primarily challenges the Rule 24 timeliness ruling, arguing that its need to intervene arose only when the Disqualification Order ended the common representation through which its interests had been protected. *Id.* at 12–16. Lincoln relies on *Cameron v. EMW Women's Surgical Center, P.S.C.*, 595 U.S. 267 (2022), for the proposition that timeliness should be measured from the point at which existing parties no longer protect the proposed intervenor's interests. *Id.*

Having reviewed the R&R, the objections, and the underlying record, the Court agrees with Judge Espinosa's recommended disposition. The Court refines portions of Judge Espinosa's Rule 24 timeliness analysis but reaches the same result. The Court will therefore **ADOPT** the R&R as modified by this Memorandum Order.

**A. Standard of Review**

The standard of review of a magistrate judge's conclusion depends on whether the motion is dispositive or non-dispositive. A magistrate judge is afforded "wide discretion" in resolving non-dispositive motions. *Miller v. Beneficial Mgmt. Corp.*, 844 F. Supp. 990, 997 (D.N.J. 1993) (citing *Nat'l Labor Relations Bd. v. Frazier*, 966 F.2d 812, 815 (3d Cir. 1992)). Accordingly, a district court may modify or reject a non-dispositive ruling only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1); *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1120 (3d Cir. 1986).

Both motions at issue here—a Rule 24 motion to intervene, and Rule 19(a) motion for joinder—are ordinarily non-dispositive motions. *In re Gabapentin Patent Litigation*, 312 F. Supp. 2d 653, 661 (D.N.J. 2004) (Rule 24); *see also Cooley v. Lisman*, No. 16-4499, 2019 WL 5569614 (D.N.J. Oct. 29, 2019) (Rule 19). A factual finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citation omitted). A legal conclusion is contrary to law when the magistrate judge "has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

The R&R's Rule 19 analysis principally presents legal questions, and the Court therefore considers those conclusions under the contrary to law standard. *See Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). Judge Espinosa's Rule 24 timeliness determinations, by contrast, rest on factual findings and discretionary case management judgments, which receive more deferential review under the clearly erroneous standard. *See id.*

As explained below, the Court finds no clear error in the R&R's factual determinations and no legal conclusion contrary to law that warrants altering the recommended disposition. The Court will therefore **ADOPT** the R&R as modified by this Memorandum Order.

**B. Lincoln's Intervention Under Rule 24**

Lincoln's objection to the R&R's Rule 24 analysis focuses on when its obligation to seek intervention arose, which it argues in turn renders its Motion to intervene timely. The Court agrees with Judge Espinosa's ultimate conclusion that Lincoln's motion was untimely, but narrows the reasoning supporting that conclusion. As explained below, the Disqualification Order did not create or alter Lincoln's substantive rights in the Patent. Lincoln's rights—and the possibility that

Lincoln's interests could diverge from the Assignor Defendants' interests—existed from the outset of the litigation, so the Disqualification Order did not create a new starting point for timeliness.

A proposed intervenor under Rule 24(a)(2) must show that: (1) its application is timely; (2) it has a sufficient interest in the litigation; (3) the disposition may impair that interest; and (4) the existing parties do not adequately represent it. *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1181 (3d Cir. 1994). The first requirement, timeliness, turns on three considerations: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995). The "mere passage of time," however, does not make an application untimely." *Id.*

Ordinarily, the relevant delay is measured from when the proposed intervenor knew or should have known that its rights were at risk. *Alcan Aluminum*, 25 F.3d at 1183. But knowledge that litigation *may* affect an interest does not necessarily start the timeliness clock when the proposed intervenor reasonably relies on an existing party to protect that interest. In those circumstances, delay may be measured from when the proposed intervenor knew or should have known of "the alleged risks to his or her rights or the purported representative's shortcomings." *Benjamin ex rel. Yock v. Dep't of Pub. Welfare*, 701 F.3d 938, 950 (3d Cir. 2012). The Supreme Court likewise has explained that the need to intervene may arise only when the existing party ceases protecting the relevant interest, and timeliness should be assessed from that point. *See Cameron*, 595 U.S. at 279–80.

Lincoln does not dispute that it knew by May 2021 that Harish sought to alter inventorship and quiet title to the Patent. *See* Lincoln's Objection at 5. Rather, Lincoln asserts that intervention was unnecessary while the Assignor Defendants were protecting its interests through the parties'

Common Interest Agreement, and it was only on January 31, 2025, when the Disqualification Order disrupted Lincoln's arrangement with the Assignor Defendants, when its need to intervene arose. *Id.* at 12–15 (citing *Cameron*, 595 U.S. at 279–80). To support its argument, Lincoln emphasizes that it sought leave to intervene less than two weeks after the Disqualification Order. *See id.* at 15.

Judge Espinosa rejected Lincoln's timeliness argument, reasoning that Lincoln knew or should have known its ownership rights were at risk no later than May 2021, when Harish notified Lincoln of the lawsuit. R&R at 20–23. Judge Espinosa therefore measured Lincoln's delay from May 2021 rather than from the Disqualification Order. *Id.* He also determined that the Disqualification Order did not change the Assignor Defendants' substantive position that they are properly named co-inventors. *Id.* at 20–21 & n.8.

The Court agrees with Judge Espinosa that Lincoln's motion was untimely, but not solely because Lincoln knew in 2021 that Harish's claims threatened its ownership interest. That knowledge is not solely dispositive in resolving whether Lincoln's intervention was timely because Lincoln could reasonably rely on the existing parties to continue protecting its claimed ownership interest by defending the existing inventorship designation. *See Benjamin*, 701 F.3d at 950; *Cameron*, 595 U.S. at 279–80. Therefore, in order to determine whether Lincoln's motion to intervene was timely, the Court must ask whether the Disqualification Order changed the point at which Lincoln reasonably should have understood that the Assignor Defendants would no longer protect the substantive interest on which Lincoln's claimed ownership depends.

The Disqualification Order did not restart the timeliness clock because it did not create, extinguish, or modify any substantive right Lincoln claimed in the Patent. Lincoln's asserted ownership rights derived from the preexisting Assignment Agreement, and the possibility that

Lincoln's interests in this litigation could diverge from those of the Assignor Defendants existed from the outset of the litigation. *See* Disqualification Order at 17–25. Nothing in the Disqualification Order modified Harish's claims, the Assignor Defendants' inventorship position, or the ownership rights Lincoln claimed through them. The Disqualification Order addressed only whether counsel could ethically represent both Lincoln and the Assignor Defendants while prioritizing Lincoln's interests; it did not change the Assignor Defendants' substantive position that they are properly named co-inventors. R&R at 20–21 & n.8. Lincoln's assumption that its interests and the Assignor Defendants' interests were aligned did not eliminate the possibility that those interests could conflict as the litigation progressed. And even after the Disqualification Order, the Assignor Defendants continued to defend the same inventorship position on which Lincoln's claimed ownership depends. Thus, the Disqualification Order changed only the permissible representation arrangement, but not what Lincoln claimed to own, the basis for that claimed ownership, the risk this litigation presented Litigation's interest, or the substantive position the Assignor Defendants continued to defend.

The Court therefore disagrees with Lincoln that *Cameron* is directly analogous. There, the existing party ceased defending the interest the proposed intervenor sought to protect. 595 U.S. at 279–80. Here, by contrast, the Disqualification Order changed only how Lincoln could participate in the defense—it did not alter Lincoln's substantive rights or the inventorship position from which those rights derived. The Assignor Defendants continued to defend that same position after the Disqualification Order. The Disqualification Order therefore neither left Lincoln's ownership interest undefended nor did it create a new substantive risk to that interest. *See id.*

Lincoln also argues that the R&R's separate finding that Lincoln *may* be inadequately represented under Rule 24(a)(2) undercuts its conclusion that the Disqualification Order did not

modify Lincoln's ownership interest. R&R at 17–18; Lincoln Objection at 15. The Court disagrees because adequacy of representation and the existence of Lincoln's substantive rights are distinct inquiries. Rule 24(a)(2)'s adequacy prong requires only a minimal showing that the existing parties' representation of the proposed intervenor's interest "may be" inadequate. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). Judge Espinosa concluded that Lincoln satisfied that limited burden but also recognized that the Assignor Defendants continue to advance the same substantive position as Lincoln and that, with unconflicted counsel, the likelihood that the Assignor Defendants can adequately protect Lincoln's interest is "quite high." R&R at 17–18 & n.8. Satisfying Rule 24(a)(2)'s minimal adequacy threshold is different than the showing that the Assignor Defendants ceased defending the inventorship position on which those rights depend from showing that the existing parties had ceased protecting Lincoln's substantive interest. The R&R's adequacy finding therefore does not establish that the Disqualification Order triggered a new starting point for assessing timeliness.

The remaining timeliness considerations reinforce the conclusion that Lincoln's motion was untimely. By the time Lincoln moved to intervene, this action was nearly four years old, fact discovery was complete, and the Court had already documented a persistent "churn of motion practice and dispute resolution." R&R at 22–24. Judge Espinosa reasonably concluded that adding a new party at that stage presented a risk of further motion practice and delay, even accepting Lincoln's representation that it would not seek additional discovery or new expert reports. Judge Espinosa's case management assessment is entitled to deference. *See In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982) (explaining that timeliness is determined from all the circumstances and, in the first instance, by the trial court "in the exercise of its sound discretion").

Because timeliness is required for both intervention as of right and permissive intervention, Judge Espinosa correctly denied both forms of relief. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 23-1117, 2024 WL 3342444, at *3 (3d Cir. July 9, 2024). In any event, the denial of intervention does not prevent Lincoln from protecting its claimed ownership interest in this action because, as explained below, Lincoln must be joined as a required party under Rule 19(a)(1)(B)(i). Lincoln's objections to the Rule 24 analysis are therefore overruled, and the Court **ADOPTS** the Rule 24 portion of the R&R, as modified by the narrower timeliness analysis above.

**C. Required Party Joinder Under Rule 19**

The Court also agrees with Judge Espinosa that Lincoln is a required party under Rule 19(a)(1)(B)(i) and must be joined if feasible.

Rule 19(a)(1) provides two independent bases for required party status. Under subsection (A), joinder is required when the Court cannot accord complete relief among the existing parties. *Gen. Refractories Co. v. First State Ins.*, 500 F.3d 306, 312–13 (3d Cir. 2007). Under subsection (B)(i), joinder is required when the absent party claims a legally protected interest that may, as a practical matter, be impaired or impeded by the litigation. *Liberty Mutual Ins. v. Treesdale, Inc.*, 419 F.3d 216, 230 (3d Cir. 2005).

Lincoln satisfies subsection (B)(i). Patent ownership is a legally protected interest for Rule 19 purposes. *Princeton Biochemicals*, 223 F.R.D. at 329–30; *see Delano Farms Co. v. Cal. Table Grape Comm'n*, 655 F.3d 1337, 1341–42 (Fed. Cir. 2011). A Section 256 inventorship action may directly affect a patent ownership interest because correcting inventorship can alter ownership rights derived from the named inventors. *See Ali v. Carnegie Inst. of Washington*, 306 F.R.D. 20, 26 (D.D.C. 2014).

Here, the Patent presently names the Assignor Defendants as co-inventors, and they assigned their interests to Lincoln. R&R at 12. Lincoln thus claims a present ownership interest in the Patent that could be impaired if Harish succeeds in establishing different inventorship. As a result, Lincoln's interest is not merely a claim to future monetary relief, but an ownership potential ownership interest warranting joinder.

Despite Plaintiff's objections, the Patent's expiration does not eliminate Lincoln's ownership interest. *See* Plaintiff's Objection. The Patent's expiration may limit future infringement remedies, but it does not necessarily extinguish rights that accrued during the Patent's enforceable term. R&R at 12–14. The requirement that all co-owners join an infringement action limits a co-owner's ability to sue alone; it does not extinguish the co-owner's underlying ownership rights. *See Antennasys, Inc. v. Aqyr Tech., Inc.*, 976 F.3d 1374, 1380–81 (Fed. Cir. 2020). Judge Espinosa therefore properly declined to treat Lincoln's nonpayment of the maintenance fee as abandonment of all ownership rights or to resolve, at this stage, the consequences of Harish's effort to have the delayed fee accepted.

Judge Espinosa also correctly rejected Lincoln's Rule 19(a)(1)(A) joinder theory. Subsection (A) asks only whether the Court can accord complete relief among the existing parties. *Gen. Refractories*, 500 F.3d at 313. The Court can adjudicate Harish's inventorship claim between Harish and the existing Defendants. Lincoln's concerns regarding the possible effect of that adjudication on its claimed ownership interest, is addressed by subsection (B)(i). *See* Lincoln's Objection at 9.

Finally, Judge Espinosa correctly concluded that joinder is feasible because Lincoln is subject to service of process and joinder will not disturb the Court's federal question jurisdiction.

R&R at 14–15. Harish's objection to joinder under Rule 19(a)(1)(B) and Lincoln's objection concerning Rule 19(a)(1)(A) are therefore **OVERRULED**.

For the above reasons, the Court **ADOPTS** the R&R's recommended disposition as modified by this Memorandum Order. Accordingly, Lincoln's request to intervene under Rule 24 will be **DENIED**. Lincoln is not a required party under Rule 19(a)(1)(A), but is a required party under Rule 19(a)(1)(B)(i), and will therefore be joined.

## III. CONCLUSION

**IT IS**, on this **30th** day of September, 2026;

**ORDERED** that Judge Espinosa's Report and Recommendation, D.E. 215, is **ADOPTED** as modified by this Memorandum Order; and it is further

**ORDERED** that Lincoln's Motion, D.E. 204, is **DENIED** to the extent it seeks intervention under Federal Rule of Civil Procedure 24; and it is finally

**ORDERED** that Lincoln is not a required party under Rule 19(a)(1)(A), but is a required party under Rule 19(a)(1)(B)(i), and shall therefore be joined as a party to this action.

Evelyn Padin, U.S.D.J.